VAN ALLEN v. FARMERS' JOINT-STOCK INSURANCE COMPANY.

*Insurance — fire policy — conditions in. Agency — notice to agent. Waiver — authority of agent to make.*

A fire insurance policy contained a provision that in case of loss notice to the company should be forthwith given, and, "within twenty days after the loss," a particular statement, etc., should be delivered, and another provision that nothing less than a written agreement, signed by an officer of the company, should operate as a waiver of any condition. The holder of the policy, before the expiration of twenty days after a loss, went to a local agent of the company, who had previously been permitted by the company to receive

proofs of loss, for the purpose of furnishing the particular statement, etc., required, and was told by such agent to wait until the adjuster of the company came around, in consequence of which the policy-holder did not furnish the statement within the twenty days. *Held,* that the agent had authority to waive the condition of the policy, and that his direction to the policy-holder constituted a waiver which bound the insurance company.

MOTION by defendant for a new trial upon a case and exceptions ordered to be heard, in the first instance, at the general term after a verdict for plaintiff at the circuit.

The action was brought by Cornelia Van Allen against The Farmers' Joint-Stock Insurance Company, upon a policy of insurance against loss by fire issued by defendant.

The policy in question contained these provisions :

" All persons insured by this company, and sustaining loss or damage by fire, shall forthwith give the company notice thereof in writing ; and, within twenty days after the loss, shall deliver a particular account of such loss, signed and sworn to by them, stating," etc.; and " the use of general terms, or any thing less than a distinct, specific agreement, clearly expressed in writing and signed by an officer of the company, shall not be construed as a waiver of any written or printed condition or restriction of this policy."

The insured property having been destroyed by fire, the plaintiff the next day notified the local agent of the defendant, through whom the insurance was effected, of such loss, and he gave notice to the defendant by letter. The defendant's secretary wrote the agent that nothing could be done until defendant's adjuster came, which was communicated to plaintiff about two or three days after the time for serving proofs of loss had expired ; the adjuster visited the place, saw plaintiff, and told her that the company paid very promptly, but that it would take four weeks' time to consider and he would come and let her know. Plaintiff waited the four weeks and then brought this action. Such other facts as are material appear in the opinion.

*M. Hopkins,* for plaintiff.

*Pratt & Brown,* for defendant.

Present — MULLIN, P. J., E. DARWIN SMITH and GILBERT, JJ.

GILBERT, J. The jury have settled all questions of fact, and we are called upon to decide two points only: 1. Whether the notice of the loss given to Willetts was sufficient. 2. Whether the act of Willetts, which prevented the delivery of the proofs of loss within the time limited by the condition, was binding on the company.

Whatever may be the rule elsewhere it is well settled in this State that a general agent of an insurance company may waive the performance of conditions inserted in the policy for the benefit of the company. *Ames* v. *N. Y. Union Ins. Co.*, 14 N. Y. 253; *Liddle* v. *Market Ins. Co.*, 29 id. 184 ; *Benedict* v. *Ocean Ins. Co.*, 31 id. 389 ; *Boeher* v. *Williamsburgh Ins. Co.*, 35 id. 131; *Bodine* v. *Exchange Fire Ins. Co.*, 51 id. 117.

No evidence was given by the defendant of the actual authority conferred upon Willetts. All that appears upon that subject is that he was a local agent. That, however, conveys no idea of the extent of his authority to act within the prescribed locality. The term "local" imports no restriction of his power, where he is authorized to act at all. A man may be either a general or special agent, and yet not be authorized to act outside of the district to which he is confined by the terms of his power.

To ascertain the nature of the authority of Willetts, therefore, we must have recourse to his acts, as agent, done with the assent of the company. Upon this subject the evidence is that he had acted as the agent of the company for five years. He received applications for insurance, and forwarded them to the company, who thereupon issued policies directly to the assured. He collected premiums and received notices of losses. All the negotiations preceding the issuing of the policy in this case were had with him. The plaintiff paid him the premium. The company received it and sent the policy to her by mail, with the name of Willetts inscribed on it as agent. He received the notice of loss in this case and sent it to the company. The company made no objection to the service of it upon him, but acted upon it as a valid notice. We are of opinion that these facts establish the authority of Willetts to receive the notice of loss, and that the plaintiff complied with the condition in that particular.

The requirement that proofs of loss must be delivered within twenty days is part of the same condition. It contains, however, no designation of the person to whom, or the place where, such

proofs must be delivered. Its language is general, and only requires that they must be delivered within twenty days after the loss.

It appears that the plaintiff went to Willetts three days before the expiration of that period for the purpose of complying with that condition, and that he told her she could do nothing until the general agent, meaning Mr. Peck, the adjuster of losses, came, and directed her to go home and rest easy until Mr. Peck came there, when he would adjust the loss.

We think the plaintiff had a right to infer that Willetts had authority to give these directions from his previous acts, which had been sanctioned by the company, especially that of receiving the notice of loss. The authority of an agent to bind his principal by particular acts may always be shown by evidence that acts of a similar nature had been done by him previously, and had received the assent or sanction of his principal. No reason exists why the company, after sanctioning the act of receiving the notice of loss, should be permitted to deny the authority of Willetts to receive the proofs of loss. That being so, he was authorized to give the direction respecting them, which he did, or to waive the delivery of them altogether. His authority in that respect was as ample as that of a general agent, even though it should be deemed that all the facts taken together were insufficient to constitute him such an agent, The authority being limited by a narrower range of functions of duties, does not make it special. It may be as general in regard to those as if it were in name and in fact a general agency.

Furthermore, it appears that Willetts told the plaintiff that he had written to Mr. Peck, and that the latter would call on her in a few days. Mr. Peck did call on her a few days after the time limited for the service of proofs of loss in behalf of the company, and made no objection to the non-service of them. It appears also that he reported his doings to the company, and it is not shown that they made any objection to his acts.

Under these circumstances we think the company are estopped to deny that Willetts was authorized to represent them on the occasion referred to. He did in fact represent them, and the company by their conduct held him out as possessing the power of a general agent in the matter under consideration. If in point of fact there was a lack of the requisite authority to bind the company, they and not the plaintiff ought to suffer. When one of two innocent persons must suffer from the act of a third, the loss should fall on the

one that enabled him to inflict the injury. There is no reason to doubt that the plaintiff would have delivered her proofs of loss in time if Willetts had not deterred her from so doing. The whole doctrine of waiver of a condition before forfeiture rests upon the equitable principle of estoppel. After forfeiture, different and stricter rules apply. In this case common justice requires that the waiver by Willetts should be held binding on the company. To hold other views would open the way to the grossest frauds by insurers. Story on Agency, §§ 56 to 62, 126.

That a parol waiver of a condition is good, notwithstanding a provision in the policy that nothing but a written agreement signed by an officer of the company shall have that effect, has been expressly adjudged. *Parker* v. *Arctic Ins. Co.*, 1 N. Y. Sup. 397, affirmed by Court of Appeals.

For the reasons stated, we think the judgment should be affirmed.
*Judgment affirmed.*